**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 97-11408**
**Summary Calendar**

_____


**ALICIA ALFARO; IRMA I. CASTILLO; ESPERANZA CRUZ;**
**ENEDINA GONZALEZ; DIANA GARCIA; ADELA HERNANDEZ;**
**MARIA LEDEZMA; TOMACITA MARTINEZ; ALMA OROPEZA;**
**LUCIA OSORIO; CATALINA PEREZ; OFELIA SOLIS; MARIA VENEGAS,**

**Plaintiffs-Appellants,**


**VERSUS**


**THE LEATHER CENTER, INCORPORATED,**

**Defendant-Appellee.**


_____

Appeal from the United States District Court
For the Northern District of Texas

(3:97-CV-326-X)

_____


September 25, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alicia Alfaro and others sued their employer, The Leather Center, in state court alleging that their employer failed to furnish them a safe place to work and, as a non-subscriber to the Texas Workers' Compensation Law, was liable to them under state common law negligence theories. The Leather Center removed the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case to the federal district court alleging that there was a Collective Bargaining Agreement between The Leather Center and the Union which represented these employees and that these employees had failed to exhaust the administrative remedies provided for under the Collective Bargaining Agreement as remedies for their complaints. Alfaro, et al. moved to remand to the state court and the federal district court denied such motion. The Leather Center moved for a summary judgment and Alfaro, et al. conceded that they had not exhausted the administrative remedies under the Collective Bargaining Agreement. The district court entered summary judgment in favor of The Leather Center and Alfaro, et al. appealed only the issue of whether or not the district court had correctly denied their motion to remand to state court.

We have carefully reviewed the briefs, the record excerpts and relevant portions of the record itself. Based on that review, we have concluded that the district court did not commit reversible error in denying the motion to remand.

**AFFIRMED.**